**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4424**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

HECTOR ALVAREZ GUTIERREZ, a/k/a Cochiloco,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:12-cr-00317-NCT-3)

Submitted:  June 18, 2014              Decided:  June 27, 2014

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hector Alvarez Gutierrez pled guilty, pursuant to a written plea agreement, to conspiracy to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Gutierrez to sixty-six months' imprisonment. On appeal, Gutierrez's counsel has submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal. Gutierrez filed a pro se supplemental brief alleging numerous claims of ineffective assistance of counsel. We affirm.

Because Gutierrez did not move in the district court to withdraw his guilty plea, we review the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002); see Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (discussing standard of review). Although the district court neglected to inform Gutierrez of its power to order asset forfeiture, we conclude that the court's minor omission did not affect Gutierrez's substantial rights. See United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009). Moreover, the district court ensured that Gutierrez's plea was knowing and voluntary and that a factual basis supported the plea. Accordingly, we conclude that the district court substantially complied with Rule 11.

2

We review a sentence for reasonableness, applying "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). In so doing, we examine the sentence for "significant procedural error." Id. If there is none, we "consider the substantive reasonableness of the sentence . . . , tak[ing] into account the totality of the circumstances." Id. After a thorough review of the sentencing proceedings, we conclude that Gutierrez's sentence is procedurally reasonable and that his within-Guidelines sentence is entitled to the presumption of reasonableness. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (explaining presumption of reasonableness).

Lastly, turning to Gutierrez's claims of ineffective assistance of counsel, such claims "are generally not cognizable on direct appeal." United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); see United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Instead, to allow for adequate development of the record, a defendant must ordinarily bring his claims in a 28 U.S.C. § 2255 (2012) motion. King, 119 F.3d at 295. However, we may entertain such claims on direct appeal only if "it conclusively appears from the record that defense counsel did not provide effective representation." United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). See generally Strickland v. Washington, 466 U.S. 668, 687 (1984) (setting

3

forth standard). Because none of Gutierrez's alleged ineffective assistance of counsel claims conclusively appears on the record, we decline to address them in this appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment and deny counsel's pending motion to withdraw. This court requires that counsel inform Gutierrez, in writing, of the right to petition the Supreme Court of the United States for further review. If Gutierrez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gutierrez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED